IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03010-NRN

DEBORAH FERN RAJO,

Plaintiff,

v.

ANDREW M. SAUL, Commissioner of Social Security,

Defendant.

**OPINION AND ORDER**

**N. Reid Neureiter**
**United States Magistrate Judge**

The government determined that Plaintiff Deborah Fern Rajo is not disabled for purposes of the Social Security Act from August 7, 2011 through the date of the decision, August 16, 2019. AR[1] 505-21. Ms. Rajo has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c). Dkt. #10.

**Standard of Review**

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a

---
[1] All references to "AR" refer to the sequentially numbered Administrative Record filed in this case. (Dkt. ##9, and 9-1 through 9-15.)

reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Background

Ms. Rajo filed an application for Title II disability insurance benefits on May 6, 2014, alleging disability beginning August 7, 2011, due to bipolar disorder, depression, fibromyalgia, neck problems, and back problems. AR 68. Her application was denied on November 21, 2014. AR 81. After a hearing, Administrative Law Judge ("ALJ") Terrence Hugar issued an unfavorable decision on June 28, 2016, finding Ms. Rajo not disabled. AR 23-36. On December 5, 2018, this Court issued an Opinion and Order reversing and remanding the Commissioner's decision for further proceedings. AR 61-18. On January 2, 2019, the Appeals Council issued an Order remanding the case to an administrative law judge. AR 620. On June 19, 2019, a hearing was held (AR 529–64) and, on August 13, 2019, ALJ Hugar issued another unfavorable decision in which, at the second step of the Commissioner's five-step sequence for making determinations,[2] the ALJ found that Ms. Rajo:

---

[2] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844

2

> has the following severe impairments: degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine, and fibromyalgia.

AR 511. The ALJ also found Ms. Rajo's "obesity, anemia, elbow and hand pain, and bipolar disorder" to be nonsevere impairments. *Id.*

The ALJ then determined at step three that Ms. Rajo does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in the regulations. AR 514. Because he concluded that Ms. Rajo did not have an impairment or combination of impairments that meets the severity of the listed impairments, the ALJ found that Ms. Rajo has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c) except:

> the claimant was limited to lifting and carrying 50 pounds occasionally and 20 pounds frequently. The claimant can perform postural activities frequently. The claimant can only occasionally climb ladders, ropes, or scaffolds. The claimant must have no exposure to hazards, such as unprotected heights and moving mechanical parts. The claimant is not able to perform work involving significant complexity or judgment. The claimant's work must entail no more than frequent interaction with supervisors, coworkers, and the public.

AR 514. The ALJ determined that Ms. Rajo was unable to perform any past relevant work. AR 519. However, he determined that Ms. Rajo was able to perform other occupations in the national economy; namely packager, labor stores, and laundry worker II. AR 520. He therefore determined Ms. Rajo was not under a disability from August 7, 2011 through August 16, 2019. AR 520.

---

F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax*, 489 F.3d at 1084.

## **ANALYSIS**

Ms. Rajo argues that the ALJ's decision should be reversed and the matter remanded for two reasons. First, she argues that the ALJ's RFC determination is unsupported by substantial evidence because he failed to properly weigh the opinions of treating chiropractor, Robert D Jackson, D.C. Second, Ms. Rajo argues that her case was adjudicated by an improper and unconstitutionally appointed ALJ, and should be remanded for a new hearing with a different and constitutionally appointed ALJ. The Court will address each argument in turn.

### I.     **Weight Assigned to Opinion of Robert D. Jackson, D.C.**

Ms. Rajo argues that the ALJ failed to properly weight the opinions of her chiropractor, Robert D. Jackson. Dr. Jackson completed two RFC questionnaires on May 14, 2014 and March 20, 2015, respectively. Dr. Jackson issued similar opinions in both reports, and specifically opined in the March 20, 2015 questionnaire that:

> Ms. Rajo's symptoms will constantly interfere with the attention and concentration she will require for simple work-related tasks. T 367. He declined to comment on the impact that her medication might have as it was "N/A for my specialty." T 355. He opined that Ms. Rajo will need to lie down in excess of typical work breaks. T 367. She can walk no more than a block without needing rest or experiencing pain. T 367. She can sit a total of 15 minutes at one time and up to 2 hours in an 8-hour day. T 367. She cannot stand or walk. T 367. Ms. Rajo will require a job that allows shifting positions at will and will need to take unscheduled breaks every 15 minutes lasting 10 to 15 minutes. T 367. She can occasionally lift up to 10 pounds. T 368. She can use her hands for grasping, turning, and twisting objects up to 20 percent of the day, her fingers for fine manipulation up to 15 percent of the day, and her arms for reaching up to 15 percent of the day. T 368. She will be absent four or more days per month due to her impairments or need for treatment. T 368. She is physically incapable of working an 8-hour day for five days a week on a sustained basis. T 368.

Dkt. #11 at 15.  Ms. Rajo argues that Dr. Jackson's opinion is consistent with her diagnosis of fibromyalgia, as well as other medical evidence in the record, including

4

treatment records of chiropractor Veloy K. Cook, D.C., and Dr. Timonthy Moser. Ms. Rajo asserts that the ALJ's rejection of Dr. Jackson's opinion based on the existence of "relatively benign imaging studies" and "physical examinations of the claimant's treating care providers," AR 518 improperly ignores her diagnosis of fibromyalgia.

The Commissioner argues that the ALJ properly limited the weight assigned to Dr. Jackson's opinion because Dr. Jackson, who is not an acceptable medical source and thus not a treating source, had only seen Ms. Rajo twice before he completed the questionnaire. Dkt. #15 at 7. The Commissioner also points out that the ALJ did consider Ms. Rajo's fibromyalgia as he addressed it several times in his decision. AR 8-10.

"An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citing 20 C.F.R. § 401.1527(d)). "The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all." *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(1), (2); 20 C.F.R. § 416.927(1), (2); SSR 96–6p, 1996 WL 374180, at *2). No matter the relationship, however, the ALJ must "give consideration to all the medical opinions in the record" and "discuss the weight he assigns to them." *Mays v. Colvin*, 739 F.3d 569, 578 (10th Cir. 2014) (internal quotation marks omitted). Even for "other sources" who are not considered "acceptable medical sources," an ALJ should still explain the weight given to the opinion, but the evaluation "is sufficient if it permits us to

'follow the adjudicator's reasoning.'" *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163-64 (10th Cir. 2012) (quoting SSR 06-03p, 2006 WL 2329939, at *6). *See also* SSR 06-03p, 2006 WL 2329939, at *6 ("[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning . . .").

The ALJ's evaluation meets the standard here. The Court has reviewed the ALJ's decision carefully, and notes that the ALJ did address Dr. Jackson's opinion, explaining that he assigned it "little weight" because the record did not support the severity of limitations described by Dr. Jackson. In particular, the Court notes that the ALJ discussed the activities of daily living that Ms. Rajo was able to perform independently and her ability to work taking care of her husband, as well as the lack of muscle atrophy and the imaging studies and physical examinations that all indicated Ms. Rajo was not as severely limited as opined by Dr. Jackson. AR 516–18. Based on the Court's review of the record, the ALJ had before him evidence that favored a finding of extreme limitations and evidence that favored finding the opposite. He chose the latter and gave specific, legitimate reasons for doing so, which are legally sufficient and supported by substantial evidence in the record. *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (holding that where the record contains support for the notion that the claimant's limitations were extreme and not that severe, the "ALJ was entitled to resolve such evidentiary conflicts and did so."). It is not up to the Court to reweigh the evidence considered by the ALJ. *See Lax v. Astrue*, 489 F.3d at 1084.

6

## II.     Ms. Rajo's Appointments Clause Challenge

Ms. Rajo argues that because the ALJ who issued the decision on June 28, 2016 was the same ALJ who issued the prior decision that was reversed by this Court, and who was not properly appointed at the time of the prior decision, her claim should be remanded back to a different ALJ. Ms. Rajo cites *Lucia v. S.E.C.,* 138 S. Ct. 2044 (2018) to support her argument. But, as the Commissioner notes, Ms. Rajo did not make an Appointments Clause challenge during the second proceeding. Citing *Carr v. Comm'r, SSA*, 961 F.3d 1267 (10th Cir. 2020), the Commissioner argues that Ms. Rajo therefore waived her Appointments Clause challenge because she failed to exhaust the challenge. The Court agrees that *Carr* is clear that Appointments Clause challenges must be raised before the ALJ. Accordingly, the Court finds that Ms. Rajo's Appointments Clause argument is waived.

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is **AFFIRMED** and Ms. Rajo's Complaint (Dkt. #1) is **DISMISSED**.

Dated this 5th day of November, 2020.

BY THE COURT:

*N. Reid Neureiter*
N. Reid Neureiter
United States Magistrate Judge