IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03010-NRN

DEBORAH FERN RAJO,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant.

**OPINION AND ORDER**

**N. Reid Neureiter**
**United States Magistrate Judge**

This matter comes before the Court on remand pursuant to the Order and Judgment (Dkt. #38) of the United States Court of Appeals for the Tenth Circuit for further proceedings consistent with the United States Supreme Court's decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021).

This case was remanded from the Tenth Circuit on June 21, 2022. *See* Dkt. #39. The Court held a Status Conference in this matter on July 12, 2022 and set a briefing schedule on the issues remaining after appeal. The Commissioner filed her opening brief on August 11, 2022. Dkt. #43. Plaintiff filed her response on September 1, 2022 (Dkt. #44) and a Notice of Supplemental Authority on September 9, 2022. Dkt. #45. The Commissioner filed her reply in support on September 15, 2022. Dkt. #46.

The Court heard argument on October 18, 2022. *See* Dkt. #48. In February 2023, the parties each submitted supplemental briefing after the Fourth Circuit's decision in

*Brooks v. Kijakazi*, 2023 WL 2147302 (4th Cir. Feb 22, 2023). *See* Dkt. ##49, 50. Now, being fully informed, the Court issues the following Order.

## BACKGROUND

In May 2014, Plaintiff applied for disability insurance benefits, alleging disability beginning in August 2011. After a hearing before administrative law judge ("ALJ") Terrance Hugar on May 27, 2016, Plaintiff's application was denied in a written decision issued June 28, 2016. Plaintiff exhausted her administrative remedies and sought judicial review before this Court. After finding that the ALJ had not adequately considered Plaintiff's mental impairments, this Court remanded for further proceedings. Plaintiff's claim was remanded back to ALJ Hugar who held another hearing and again found Plaintiff not disabled on August 13, 2019.

Plaintiff filed her Complaint seeking review of the second decision on October 22, 2019. Dkt. #1. Plaintiff challenged the decision arguing, in part, that ALJ Hugar was unconstitutionally appointed at the time of her May 2016 hearing and, when her claim was remanded by this Court for a new hearing, the same ALJ should not have been assigned to her claim. *See* Dkt. #11. By the time of Plaintiff's second administrative hearing, ALJ Hugar had been constitutionally appointed. *See Social Security Emergency Message (EM)* 18003 REV 2, § B (available at: https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM) (noting that, on July 16, 2018, Acting Commissioner Nancy Berryhill ratified the appointment of ALJs and approved their appointments as her own in order to address any Appointments Clause questions involving SSA claims).

This Court, relying on *Carr v. Commissioner, SSA*, 961 F.3d 1267 (10th Cir. 2020), agreed with the Commissioner that challenges under the Appointments Clause

must be raised during the administrative proceeding and, because Plaintiff had failed to raise such a challenge on the agency level, she had waived the argument. Thus, on November 5, 2020, this Court dismissed Plaintiff's Complaint. *See* Dkt. #23. Plaintiff then filed her Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e). Dkt. #26. The Court, again relying on the Tenth Circuit's decision in *Carr,* denied Plaintiff's motion on December 14, 2020. Dkt. #28. Plaintiff timely filed an appeal. *See* Dkt. #29.

In April 2021, the Supreme Court reversed *Carr* and held that a claimant is not required to administratively exhaust an Appointments Clause claim. The Tenth Circuit, therefore, reversed this Court's ruling and remanded for further proceedings.

The sole issue now pending before the Court is whether an Appointments Clause violation is remedied where an improperly appointed ALJ issues a subsequent decision after being constitutionally appointed. Put differently, the issue is whether Plaintiff is entitled to relief for the pre-ratification constitutional violation.

The Court finds that the constitutional violation infecting ALJ Hugar's 2016 decision was not remedied and, therefore, remands this case for further proceedings before a new ALJ.[1]

## ANALYSIS

The Appointments Clause of Article II of the Constitution specifies that the President "shall nominate, and by and with the Advice and Consent of the Senate, shall appoint . . . Officers of the United States." U.S. Const. art. II, § 2, cl. 2. The Clause

---

[1] Plaintiff also appealed this Court's finding that the ALJ's RFC determination was supported by substantial evidence and that the ALJ did not err when weighing the opinions of Plaintiff's treating chiropractor. The Tenth Circuit declined to reach this issue, noting that, if the Court finds that an Appointments Clause violation did occur, the remedy is a new hearing before a properly appointed ALJ.

further provides: "the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments." *Id.* The Appointments Clause acts "as a bulwark against one branch aggrandizing its power at the expense of another branch" and "preserves another aspect of the Constitution's structural integrity by preventing the diffusion of the appointment power." *Ryder v. United States*, 515 U.S. 177, 182 (1995) (internal citations and quotations omitted). "Given its importance within our Constitution's structure the Supreme Court has established remedies with bite for Appointments Clause violations." *Cody v. Kijakazi,* 48 F.4th 956, 960 (9th Cir. 2022) (citing *Lucia v. S.E.C.,* 138 S. Ct. 2044, 2055 (2018)).

In *Lucia*, the Supreme Court found that the Securities and Exchange Commission ALJs were "Officers" of the United States subject to the Appointments Clause because they exercise, extensive powers . . . comparable to that of a federal district judge conducting a bench trial," occupy "continuing office[s] established by law," and wield "significant authority pursuant to the laws of the United States." *Lucia*, 138 S. Ct. at 2049, 2051–55 (citations omitted). The ALJ in *Lucia* had been appointed by SEC staff, rather than the SEC Commissioner, so he was not properly appointed. *Id.* at 2051, 2055. The Supreme Court explained that, given their power and authority, the SEC's ALJs had to be appointed by the President, a Court of Law, or a Head of Department (which could include the SEC itself).

*Lucia* specifically dealt with the ALJs of the SEC, but "the Court's ruling on the Appointments Clause has been treated in subsequent decisions to apply broadly to ALJs in other executive department federal agencies." *Brooks*, 60 F.4th 735 (citing *Carr*, 141 S. Ct. 1352, 1357).

After determining that the SEC ALJs were subject to the Appointments Clause, the Supreme Court next explained that the appropriate remedy for Appointments Clause violations was a new hearing before a different properly appointed official. *Lucia,* 138 S. Ct. 2055.

In this appeal, there is no dispute that the original 2016 decision by ALJ Hugar was not constitutionally sound as the ALJ was improperly appointed to his post. However, by the time of the 2018 decision, which the Commissioner argues is the "only decision before the Court for judicial review," ALJ Hugar had been properly appointed. Dkt. #43 at 7. Thus, according to the Commissioner, "Plaintiff cannot argue that the Commissioner's final decision under review here was rendered by an improperly appointed ALJ." *Id.* Plaintiff, however, argues "[t]he fact that an ALJ who previously violated a claimant's constitutional rights is properly appointed by the time a remand hearing occurs does not remove the constitutional taint attached to that adjudicator." Dkt. #44 at 17.

Though the Tenth Circuit has yet to speak on this issue, the Fourth and Ninth Circuits have issued rulings in near identical factual situations and found in favor of the claimants. The Court adopts the reasoning of those circuits.

In *Cody*, like the instant situation, an unconstitutionally appointed ALJ denied Cody's disability claims. 48 F.4th at 959. Cody appealed the case to the district court without challenging the ALJ's appointment and prevailed in part. *Id.* The district court thus vacated the ALJ decision and ordered a new hearing because the ALJ failed to properly consider certain evidence. The case was returned to the same ALJ "who by then had been properly ratified by the SSA Acting Commissioner." *Id.* The ALJ considered the evidence mandated by the district court, but still ruled against Cody.

Cody again appealed to the federal district court, asserting the Appointments Clause violation. The *Cody* court considered the same question before this Court: "Must the second decision stand since the ALJ was properly appointed at the time? Or is Cody entitled to relief for the pre-ratification constitutional violation?" *Id.*

The Ninth Circuit, relying on *Lucia*, found that Cody was, in fact, entitled to a new evidentiary hearing before a different ALJ. The court explained that requiring remand supports two remedial aims:

> First, a rehearing before a new ALJ promotes the "structural purposes" of the Appointments Clause by ensuring only a properly appointed Officer takes part in deciding Cody's case. *See id.* at 2055 n.5. By ordering a review untouched by ALJ Mauer, we guard against "the diffusion of the appointment power," *Freytag*, 501 U.S. at 878, 111 S. Ct. 2631, by penalizing an agency's circumvention of the Appointments Clause.
>
> Second, a rehearing before a different ALJ would encourage claimants to raise Appointments Clause violations to the courts' attention. *See Lucia*, 138 S. Ct. at 2055 n.5. Without a remand to a new ALJ, claimants like Cody would see little benefit in defending the constitutional requirement. Indeed, in the post-ratification 2019 decision, the ALJ reached "all the same judgments," *id.*, as in the pre-ratification 2017 decision. Only with reassignment to a new, independent ALJ will Cody receive a fresh look and "the new hearing to which [he] is entitled." *Id.* at 2055.

*Id.* at 962.

Similarly, in *Brooks*, an improperly appointed ALJ, ALJ Bright, denied Brooks's application for disability benefits in March 2018. 60 F.4th at 736. ALJ Bright ruled that, though Brooks suffered from medically severe impairments, she had sufficiently transferable job skills to enable her to hold positions that were available in significant numbers in the national economy and, therefore, was not disabled. *Id.*

While her administrative appeal was pending before the Appeals Council, the Supreme Court issued its decision in *Lucia*. The Appeal Council identified issues in the evidence provided by the vocational expert, and remanded the claim back to ALJ Bright

on that basis. By the time of the rehearing, ALJ Bright had been properly appointed. *Id.* at 737.

In April 2019, ALJ Bright again denied Brooks's application. *Id.* In May 2020, Brooks initiated her civil suit in district court arguing, in part, that the 2019 ALJ decision was fatally tainted by the undisputed Appointments Clause defect underlying the 2018 ALJ decision. *Id.* at 737–38.

The district court found that, because the Council had vacated the 2018 ALJ decision due to a specific evidentiary defect and because the 2018 ALJ decision was vacated on a merits issue, the concern animating the Supreme Court's remand in *Lucia*—that an illegally appointed ALJ could not be expected to consider the matter as though he had not adjudicated it before—was not applicable and remand was inappropriate. *See id.* at 738–39.

The Fourth Circuit disagreed. Noting the similarities between Brooks's case and the circumstances in *Cody*, the court found that "ALJ Bright lacked constitutional authority to do her job with respect to Brook's disability claim in 2018." *Id.* at 742 (internal quotations and brackets removed). "[B]ecause Brooks never received the requisite remedy[,] *the constitutional error committed in 2018 was a continuing violation that infected ALJ Bright's 2019 adjudication of the same claim*." *Id.* (emphasis added). So too here.

Further, the *Brooks* court rejected the Commissioner's argument that the *Lucia* remedy of ordering remand before a different ALJ is unnecessary where the prior decision was vacated on a merits-based issue. The Fourth Circuit explained:

> First, the Appeals Council's merits-based vacatur simply is not relevant to Brooks's Appointments Clause challenge. To be sure, the *Lucia* decision identified the aforementioned "incentivization" rationale as the general basis

7

> for its chosen remedy, but it did not carve out any exception to the remedy's necessity for the situation where a constitutionally infirm ALJ decision has been vacated on a merits-related issue. To the contrary, the Court ruled — in no uncertain terms — that "[t]o cure the constitutional error, another ALJ . . . must hold the new hearing to which [the claimant] is entitled." *See* 138 S. Ct. at 2055. Put differently, where an improperly appointed ALJ decides a claim in contravention of the Appointments Clause, the structural constitutional error will remain in place unless and until a different, properly appointed ALJ assesses and resolves the claim. And, as Brooks persuasively argues, it would border on absurd to ignore a patent constitutional violation (and the remedy developed therefor) because of evidentiary defects in the constitutionally flawed proceedings. As the Ninth Circuit aptly put it, an Appointments Clause violation is "no mere technicality or quaint formality" that can so easily be overlooked, in that such a violation "weakens our constitutional design." *See Cody*, 48 F.4th at 960.
>
> The Commissioner's position also fails because the Appeals Council's merits-related vacatur of the 2018 ALJ Decision does not fully eliminate the problem identified by the *Lucia* Court that, on remand, the same ALJ would be hard pressed to "consider the matter as though [she] had not adjudicated it before." *See* 138 S. Ct. at 2055. Because ALJ Bright had already heard and decided the merits of Brooks's disability benefits claim, a strong possibility remained that she would resolve the issue identified by the Appeals Council and, in the end, simply make the same ruling. And that is precisely what happened here. ALJ Bright received new vocational evidence in the 2019 hearing, opted not to rest her decision on the issue of Brooks's transferable job skills (instead resolving that Brooks could perform her past relevant work), and again denied Brooks's disability benefits claim. The nature of the Appeals Council's vacatur in this case, in other words, does little to undermine the "incentivizing" purpose of *Lucia*'s remedy.

*Id.* at 743.

"The Supreme Court made clear that if an ALJ makes a ruling absent a proper constitutional appointment, and if the claimant interposes a timely Appointments Clause challenge, the appropriate remedy is for the claim to be reheard before a new decisionmaker." *Id.* at 744–45. Plaintiff here did not receive that remedy, so the Appointments Clause violation affecting ALJ Hugar's 2016 decision was never cured, and thus tainted ALJ Hugar's 2019 decision.

8

## CONCLUSION

In light of the foregoing, the Court reverses the decision of the ALJ and remands Plaintiff's disability benefits claim to the Commissioner for a new plenary hearing before a different and properly appointed ALJ.

Dated this 22nd day of March, 2023

BY THE COURT:

_____
N. Reid Neureiter
United States Magistrate Judge