IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03010-NRN

DEBORAH FERN RAJO,

Plaintiff,

v.

MARTIN O'MALLEY, Commissioner of Social Security,[1]

Defendant.

---

**ORDER ON
MOTION FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412
(Dkt. #61)**

---

**N. Reid Neureiter
United States Magistrate Judge**

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Dkt. #61). The Commissioner filed a response (Dkt. #63) and Plaintiff filed a reply (Dkt. #65). On September 12, 2023, the Court heard argument on said motion. (*See* Dkt. #69.) For the following reasons, it is hereby **ORDERED** that the motion is **DENIED**.

**Background**

In June 2016, Administrative Law Judge ("ALJ") Terrance Hugar denied Plaintiff's application for disability insurance benefits. Plaintiff challenged this denial and

---

[1] Martin O'Malley became the Commissioner of Social Security ("Commissioner") on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley should be substituted for Kilolo Kijakazi as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

eventually sought judicial review before this Court in July 2017. This Court remanded the case for further proceedings after finding that ALJ Hugar had not adequately considered Plaintiff's mental impairments. Meanwhile, in June 2018, the Supreme Court held in *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), that ALJs are Officers of the United States who must be properly appointed subject to the Appointments Clause by the President, a court of law, or a head of department. At the time of the 2016 decision, ALJ Hugar had not been constitutionally appointed pursuant to the Appointments Clause, but the Commissioner did constitutionally appoint ALJ Hugar and all other Social Security Administration ("SSA") ALJs two weeks after *Lucia*. *See Social Security Emergency Message (EM)* 18003 REV 2, § B (available at: https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM).

Pursuant to this Court's order, Plaintiff's second hearing occurred before ALJ Hugar, who again found Plaintiff not disabled on August 13, 2019. Plaintiff unsuccessfully challenged the denial before the SSA's Appeals Council, not raising an argument under the Appointments Clause. Plaintiff then brought suit in this Court, arguing for the first time that ALJ Hugar's 2019 decision should be overturned because, even though ALJ Hugar was constitutionally appointed by the time he issued the 2019 decision, Plaintiff's claim should have been remanded to a different ALJ because ALJ Hugar had rendered an adverse decision while he was not constitutionally appointed, thereby tainting his 2019 decision.

On November 5, 2020, the undersigned issued an Opinion and Order (Dkt. #23) affirming ALJ Hugar's 2019 decision of non-disability in part because the then-binding *Carr v. Commissioner, SSA*, 961 F.3d 1267 (10th Cir. 2020) [hereinafter *Carr I*],

instructed that Plaintiff had waived her Appointments Clause challenge because she failed to raise it before the SSA when challenging the 2019 decision.

However, the Supreme Court later overturned *Carr I* and held that a petitioner challenging an ALJ's decision does not waive an Appointments Clause argument that she does not first raise before the SSA. *See Carr v. Saul*, 593 U.S. 83, 95–96 (2021) [hereinafter *Carr II*]. Following this decision, the Tenth Circuit vacated and remanded the November 5, 2020 Order from this Court for further consideration of Plaintiff's Appointments Clause claim. (*See* Dkt. #38 at 7.)[2] On March 22, 2023, the undersigned issued an Opinion and Order reversing and remanding ALJ Hugar's 2019 decision to the SSA for a new plenary hearing before a different and properly appointed ALJ. *See* Dkt. #51 at 9.)[3]

Plaintiff now seeks an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412 for the period from September 2019 through the August 2023 reply submitted in support of Plaintiff's motion for attorney's fees. (*See* Dkt. ## 62-3, 65 at 3.)

## Legal Standards

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[2] Decision available at *Rajo v. Comm'r, SSA*, No. 21-1033, 2022 WL 1210073 (10th Cir. Apr. 25, 2022).
[3] Decision available at *Rajo v. Kijakazi*, No. 19-cv-03010-NRN, 2023 WL 2596452 (D. Colo. Mar. 22, 2023), *appeal dismissed sub nom. Rajo v. Comm'r, SSA*, No. 23-1175, 2023 WL 8270185 (10th Cir. June 22, 2023).

28 U.S.C. § 2412(d)(1)(A). The "position of the United States" encompasses both the government's litigation position and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). Thus, in order to prevail under the EAJA, a party must show (1) that she was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, the plaintiff is the prevailing party when the district court reverses and remands to the Commissioner. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007) (citing 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.")). Because this Court ultimately reversed the ALJ's decision to deny Plaintiff benefits and remanded the case to the SSA for a new hearing, Plaintiff was the prevailing party. The Commissioner has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong of § 2412(d)(1)(A) identified above: whether the Commissioner's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett*, 475 F.3d at 1170. In the Tenth Circuit, "substantially justified" means that the government's position had a reasonable basis in both law and fact. *Veltman v. Astrue*, 261 F. App'x 83, 85 (10th Cir. 2008). There is substantial justification "if there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action.'" *Valdez v. Barnhart*, 184

4

F. App'x 815, 817 (10th Cir. 2006) (internal punctuation omitted) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "An agency's position can be justified even though it is not correct." *Veltman*, 261 F. App'x at 86. The government's position is "more likely to be substantially justified when the legal principle on which it relied is unclear or in flux." *Evans v. Colvin*, 640 F. App'x 731, 738 (10th Cir. 2016) (internal citations and quotation marks omitted). The government's position is not justified if its position is considered unreasonable "as a whole." *Hackett*, 475 F.3d at 1175. A position is not substantially justified if it "clearly offends established precedent." *Quintero v. Colvin*, 642 F. App'x 793, 796 (10th Cir. 2016). The government's position should be evaluated "as it was litigated, not with twenty-twenty hindsight." *Valdez*, 184 F. App'x at 818.

## Analysis

As an initial matter, the Commissioner argues that the government's underlying conduct at the administrative level was substantially justified because Plaintiff did not raise an Appointments Clause argument at the administrative level, and because this Court upheld the ALJ's decision on the merits. (*See* Dkt. ##63 at 7–8; 23 at 6.) Plaintiff does not argue otherwise, and the Court agrees that the Commissioner has demonstrated that the government's actions at the agency level were substantially justified. *See Willie E.C. v. Kijakazi*, No. 18-cv-272-CDL, 2022 WL 4596347, at *4 (N.D. Okla. Sept. 30, 2022) (denying motion for attorney fees under the EAJA and finding the SSA's pre-litigation position was substantially justified where the SSA did not address an Appointments Clause issue sua sponte, and plaintiff did not raise the issue before the agency).

5

The Commissioner argues that the government's litigation position was also substantially justified because it concerned an unsettled question of constitutional law—whether the Appointments Clause is violated when a constitutionally appointed ALJ presides over a claim and previously presided over the same claim while not constitutionally appointed. (Dkt. #63 at 1.) This Court previously observed in the March 2023 decision reversing and remanding for a hearing before a new ALJ that "the Tenth Circuit has yet to speak on this issue." (Dkt. #51 at 5.) And in remanding this case back to this Court, the Tenth Circuit observed that "district courts are divided over the merits of an Appointments Clause claim when an ALJ was appointed between an initial hearing and decision and a subsequent hearing on remand." (Dkt. #38 at 7 n.5.) The Commissioner argues that this lack of consensus among district courts demonstrates that reasonable people could differ as to the appropriate outcome. (Dkt. #63 at 7.)

Plaintiff counters that, following *Carr II*, which resolved the question of whether Plaintiff was required to demonstrate administrative exhaustion, it was no longer reasonable for the Commissioner to defend against this case. (Dkt. #65 at 1.) She argues that *Lucia* made clear that ALJ Hugar could not hear Plaintiff's case a second time:

> This Court has also held that the "appropriate" remedy for an adjudication tainted with an appointments violation is a new "hearing before a properly appointed" official. And we add today one thing more. That official cannot be Judge Elliot, even if he has by now received (or receives sometime in the future) a constitutional appointment. Judge Elliot has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before.

6

*Lucia*, 138 S. Ct. at 2055 (internal citations omitted). Because the Commissioner's position was in direct conflict with *Lucia*, Plaintiff argues that it was not substantially justified.

The Court is persuaded by the Commissioner's arguments. While *Lucia* held that the ALJ in that case could not rehear that case after a constitutional appointment, the court also explicitly "d[id] not hold that a new officer is required for every Appointments Clause violation," *Id.* at 2055 n.5, and the ALJ in *Lucia* was notably never reversed on the merits of his decision, *id.* at 2050, unlike ALJ Hugar here. *Lucia* did not have occasion to consider the specific facts at hand in this case. While Plaintiff argues that a straightforward application of *Lucia* to the facts of this case clearly necessitates a new hearing before a new ALJ, multiple sister courts had considered this factual circumstance and arrived at different conclusions. *See Camille B. v. Kijakazi*, No. 2:20CV262, 2021 WL 4205341, at *3 (E.D. Va. Sept. 15, 2021), *vacated and remanded sub nom. Brooks v. Kijakazi*, 60 F.4th 735 (4th Cir. 2023); *Dennis L. v. Comm'r, SSA*, No. C20-5170-MLP, 2020 WL 6343321, at *5 (W.D. Wash. Oct. 29, 2020), *remanded sub nom. Leduc v. Kijakazi*, No. 20-36117, 2021 WL 5860759, at *1 (9th Cir. Oct. 14, 2021); *Brian J. C. v. Comm'r of Soc. Sec.*, No. 3:20-cv-05390-JRC, 2021 WL 9407125, at *8 (W.D. Wash. May 12, 2021), *vacated and remanded sub nom. Cody v. Kijakazi*, 48 F.4th 956 (9th Cir. 2022); *see also Govachini v. Comm'r, SSA*, No. 19-1433, 2020 WL 5653339, at *1 n.1 (W.D. Pa. Sept. 23, 2020). Plaintiff points out that the Fourth and Ninth Circuit decisions were overturned on appeal. (*See* Dkt. #65 at 2.) But the reasonableness of the Commissioner's position is measured at the time the decisions were made. *Valdez*, 184 F. App'x at 817. While it is true that *Dennis L.* was remanded

7

before the Tenth Circuit remanded this case, *Camille B.* was not overturned until after this case was fully briefed, one month before this Court rendered its opinion following the Tenth Circuit remand. *See Brooks*, 60 F.4th 735 (decision dated February 22, 2023). *Brian J. C.* was not overturned by *Cody* until September 2022, after the Commissioner filed an opening brief in this Court following the Tenth Circuit remand. *Cody*, 48 F.4th 956. And although *Govachini* pre-dated *Carr II* and held in dicta that "even if the Court were inclined to permit [p]laintiff to raise an Appointments Clause argument at this late stage of the proceedings, such a claim would be without merit" because the ALJ "was properly appointed during the entirety of the administrative adjudication of this case after the Court had overturned her earlier decision," this decision still shows that another district court found the Commissioner's position to be reasonable. *Govachini*, 2020 WL 5653339, at *1 n.1.The Court finds that these circumstances constitute a "significant district-court split of authority" that indicated that the "state of the law was sufficiently in flux such that it was unclear" how this Court would rule on the relevant issue at the time that the case was being litigated. *C.K.D. v. Kijakazi*, No. 21-cv-02155-NYW, 2023 WL 4029714, at *6 (D. Colo. June 15, 2023). The Commissioner's position, on the whole, was not unreasonable, as the law was developing as this case progressed. *See S.V.P. v. Kijakazi*, No. 21-cv-03483-NRN, 2023 WL 3032059, at *2 (D. Colo. Apr. 21, 2023).

  Plaintiff also argues that this Court should be persuaded by the Western District of Washington's conclusion that the Commissioner's position was not substantially justified in *Cody*, a case which this Court has recognized presented a "near identical factual situation[]" to the one at issue here. (Dkt. #51 at 5.) Like the instant case, *Cody*

8

involved an unfavorable ALJ decision by an unconstitutionally appointed ALJ, later reversed and remanded by the district court, followed by another post-*Lucia* unfavorable decision by the same ALJ after he had been constitutionally appointed. (*See* Dkt. #65-2 at 3–4.) The plaintiff in *Cody* similarly did not raise an Appointments Clause challenge until after the second hearing. The Western District of Washington initially dismissed the plaintiff's Appointments Clause challenge and affirmed the ALJ's decision, and as in this case, the Court of Appeals later vacated the district court's decision.

But importantly, *Cody* diverges from this case when it comes to substance of the appellate decisions in the Ninth and Tenth Circuits. The Ninth Circuit instructed that the case should be returned to the Commissioner for a new hearing before a different, constitutionally appointed ALJ, holding that "claimants are entitled to an independent decision issued by a different ALJ if a timely challenged ALJ decision is 'tainted' by a pre-ratification ALJ decision" and that "it is *obvious* that the [earlier] decision tainted the post-ratification . . . decision." *Cody*, 48 F.4th at 962–63 (emphasis added). In contrast, the Tenth Circuit in this case explicitly stated that it did not express an opinion on the issue of an ALJ being appointed between an initial hearing and subsequent remand hearing. (Dkt. #38 at 8 n.5.) Instead, the Tenth Circuit remanded to this Court for further consideration of Plaintiff's Appointments Clause argument, following the Supreme Court's holding in *Carr II* that a plaintiff does not waive an Appointments Clause argument if it is not raised at the administrative level. (*Id.* at 8.) For this reason, in contrast to *Cody*, it is not "incumbent on this Court to conclude that the government's position . . . was not 'substantially justified.'" (Dkt. #65-2 at 8.) Accordingly, the Court finds that while the Commissioner's litigation position may have been wrong, it was not

9

unreasonable. *See Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (the substantial justification inquiry under the EAJA asks whether the Commissioner's position "was reasonable even if wrong").

## Conclusion

Under these circumstances, the Court is satisfied that the Commissioner's contention that the Appointments Clause is not violated when a constitutionally appointed ALJ presides over a claim, and previously presided over the same claim while not constitutionally appointed, was not unreasonable. Accordingly, the Commissioner's position was substantially justified, and Plaintiff is not entitled to fees under the EAJA.

Dated this 5th day of January, 2024.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge